# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 9, 2007

Charles R. Fulbruge III
Clerk

No. 07-60196
Summary Calendar

SALVADOR MORA

Petitioner

v.

PETER D KEISLER, ACTING U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79 502 729

Before HIGGINBOTHAM, STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Salvador Mora, a native of Mexico illegally present in the United States, petitions for review of a final order of removal by the Board of Immigration Appeals (BIA) dismissing his appeal of the decision of the Immigration Judge finding him inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(I) and thus ineligible to adjust status under 8 U.S.C. § 1255(i). We review the BIA's conclusions of law de novo while granting Chevron[1] deference to its reasonable interpretations of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Chevron U.S.A. Inc. v. Natural Res. Def. Council, 467 U.S. 837 (1984).

the Immigration and Naturalization Act. Mortera-Cruz v. Gonzales, 409 F.3d 246, 250 (5th Cir. 2005).

Mora now apparently concedes his inadmissibility under § 1182(a)(9)(C)(i)(I) but contends that Congress did not intend for such inadmissibility to affect his ability to seek adjustment of status under § 1255(i), relying on the Tenth Circuit's decision in Padilla-Caldera v. Gonzalez, 453 F.3d 1237 (10th Cir. 2006), as well as the Ninth Circuit's decision in Acosta v. Gonzalez, 439 F.3d 550 (9th Cir. 2006). As Mora acknowledges, we have previously upheld as reasonable the BIA's interpretation that compliance with the requirements of § 1255(i) does not cure inadmissibility under § 1182(a)(9)(C)(i)(I). Mortera-Cruz, 409 F.3d at 256. This court is aware the Ninth and Tenth Circuits hold otherwise, but that is not the law in this circuit. See Allison v. Citgo Petroleum Corp., 151 F.3d 402, 411 n.3 (5th Cir. 1998).

Mora's arguments are foreclosed. Mortera-Cruz, 409 F.3d at 256. Accordingly, the petition for review is DENIED.